# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00208-CR

**Segundo Homderman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 9034031, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Segundo Homderman guilty of aggravated kidnapping, for which it assessed a twenty-year prison term, and aggravated sexual assault, for which it assessed a fifty-year prison term. *See* Tex. Pen. Code Ann. § 20.04 (West 2003), § 22.021 (West Supp. 2004). Appellant challenges the legal and factual sufficiency of the evidence. We will affirm.

The complainant testified that she was walking from a bus stop to a bingo hall when a man approached her brandishing a pistol. The man ordered her to get into a small blue car, which he then drove to a spot behind a store. The man told her that he knew where she lived, and that he would kill her or "do something" to her family if she did not cooperate. The man then sexually assaulted her. During the assault, the complainant noticed that the man was wearing a shirt with the

name "Henry" on it. She also saw a piece of paper with a telephone number on it, which she memorized. After the assault, the man returned the complainant to the bingo hall and released her.

The complainant identified appellant at trial as the man who abducted and sexually assaulted her. Although the complainant did not immediately report what had happened to the police, she did save the clothes she was wearing at the time of the assault in a paper bag. Semen stains found on these clothes contained appellant's DNA. The telephone number memorized by the complainant was traced to appellant. Work shirts with the name "Henry" on them were found in appellant's closet. Police did not find the weapon or the car described by the complainant.

Count one of the indictment alleged the aggravated sexual assault offense in two paragraphs. The first paragraph alleged that the sexual assault was aggravated by the use of a deadly weapon, while the second paragraph alleged that the aggravating element was the threat of serious bodily injury or death. *See* Tex. Pen. Code Ann. § 22.021(a)(2)(A)(ii), (iv). The jury was authorized to convict appellant on either theory of the offense, and it returned a general verdict of guilty. Because the jury answered a special issue regarding the use of a deadly weapon in the negative, appellant infers that the jury must have found him guilty pursuant to count one, paragraph two. The State does not dispute this inference.

In his first point of error, appellant contends the evidence is legally insufficient to sustain his conviction under count one, paragraph two because of an error in the indictment. Count one, paragraph two alleged that the aggravated sexual assault occurred in "the County of Texas and State of Texas." The evidence shows that the offense occurred in Travis County, as alleged in the other paragraphs and counts of the indictment.

2

The error was brought to the trial court's attention by defense counsel after the indictment was read and appellant entered his plea before the jury. Counsel moved to strike the offending paragraph, but the motion was overruled. Counsel renewed his motion to strike at the close of evidence at the guilt stage. The court again overruled the motion, noting that appellant had not timely objected. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2004). The court also expressed the opinion that the erroneous language was surplusage. The court's jury charge required a finding that the offense occurred in Travis County.

In essence, appellant is complaining of a variance between the pleading and the proof. Such a variance will render the evidence insufficient only if the variance is material. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). A variance is material if the indictment failed to give the defendant sufficient notice of the charge against him or would subject the defendant to the risk of a second prosecution for the same crime. *Id*. at 257-58.

From the nature of his remarks to the court, it is apparent that defense counsel did not notice the defect in the indictment until it was being read at trial. Thus, appellant's trial preparation was obviously not affected by the error. It is also obvious from the record as a whole that the offense for which appellant was convicted was committed in Travis County; there is no risk of reprosecution under a new indictment. We hold that the variance complained of is not material. Because appellant's legal insufficiency claim is based solely on the variance, our inquiry is ended. *See id*. at 258. Point of error one is overruled.

In point of error two, appellant urges that the evidence is factually insufficient to sustain his conviction for either aggravated kidnapping or aggravated robbery. In determining the

factual sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at \*20 (Tex. Crim. App. Apr. 21, 2004). The evidence may be factually insufficient because: (1) the evidence of guilt, considered alone, is too weak to support a finding of guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong as to preclude a finding of guilt beyond a reasonable doubt. *Id.*

Appellant points to the complainant's testimony that she met her boyfriend when she accepted a ride from him. From this, appellant suggests that the complainant "had a history of getting into strange men's cars." He goes on to argue that the evidence supports a theory that he met the complainant, gave her a ride, had consensual sexual intercourse with her, and then gave her his telephone number before dropping her off at the bingo hall. Appellant suggests that when the complainant later came to regret what she had done, she falsely accused him of abducting and assaulting her.

In the exercise of our fact jurisdiction, we must maintain appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Finding no manifest injustice in the jury's verdicts convicting appellant of aggravated kidnapping and aggravated sexual assault, we overrule point of error two.

4

The judgments of conviction are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 29, 2004

Do Not Publish